Lamris J. ROBERIE

v.

GULF OIL CORPORATION.

Civ. A. No. 82–0013.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Aug. 4, 1982.

J. Wendell Fusilier and Alex D. Chapman, Jr., J. Wendell Fusilier, A Professional Law Corp., Ville Platte, La., for plaintiff.

Sidney L. Patin, Henderson, Hanemann & Morris, Houma, La., for defendant.

VERON, District Judge.

## RULING ON DEFENDANT'S MOTION TO DISMISS

The defendant, Gulf Oil Corporation, has filed this pretrial motion to dismiss, based

on two grounds, namely: (1) lack of subject matter jurisdiction and, alternatively, (2) failure to state a claim upon which relief can be granted. The motion came on for oral argument on July 14, 1982, at which time the matter was taken under advisement. Having carefully considered the memoranda submitted by the parties, as well as the argument of counsel, the court is now ready to rule.

The plaintiff, Lamris J. Roberie, was employed as a roustabout on a fixed platform owned by defendant Gulf, which was located on the outer continental shelf. Plaintiff's employer, Danos & Curole, was subcontracted to perform labor for Gulf on such platform. On January 13, 1979, plaintiff was injured offshore while attempting to swing from a barge owned by Theriot Offshore Marine, Inc. to the platform owned by Gulf. As a result, Mr. Roberie filed suit against Gulf on December 14, 1979. (CI No. 791757). Plaintiff was released and returned to work for Danos & Curole on April 30, 1980, performing his same job.

Plaintiff's petition alleges that on January 7, 1981, Mr. Roberie was called from West Cameron 266 to West Cameron 333, the main crew quarters, by Mike Jaucyesi, Production Supervisor for Gulf, and informed by Mr. Jaucyesi that he (Mr. Roberie) was being terminated because "the main office called and told him (Mr. Jaucyesi) to get Roberie off the platform because he had sued Gulf."

Plaintiff further alleges that Gulf was his "statutory employer," that his discharge was retaliatory in nature, and that he is entitled to compensation for his expenses in finding new employment, lost earnings while seeking a new position, lost future earnings, mental anguish, attorney's fees and punitive damages.

With regard to plaintiff's original claim against Gulf, Danos & Curole and Theriot Offshore Marine were brought in as third party defendants by Gulf and the case was tried to this court on June 23, 24 and 25, 1982. Following voluntary dismissal of Gulf by the plaintiff, judgment was rendered in favor of the plaintiff in the amount of $104,908.00 in compensation for his lost wages, future disability, and pain and suffering resulting from his 1979 accident. The award was reduced by 50%, due to Mr. Roberie's contributory negligence, for a net award of $52,454.00.

As the first ground for dismissal, defendant asserts that the District Court has no jurisdiction in this matter because the claim is within the exclusive purview of the United States Department of Labor. Defendant's reasoning is that all claims for compensation for injury received on the outer continental shelf are to be filed with the office of the Deputy Commissioner, according to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(c). Additionally, defendant cites the following provision of the Longshoremen's and Harbor Workers' Compensation Act:

It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this Chapter. Any employer who violates this Section shall be liable to a penalty of not less than $100.00 or more than $1,000.00, as may be determined by the Deputy Commissioner .... 38 U.S.C. § 948(a).

However, for the reasons discussed below, the court does not view the above cited authority as applicable to this case, since we do not view this matter as a claim for compensation under the LSHWCA. It is also clear that Gulf's actions were not taken in response to a claim for compensation by Mr. Roberie. Instead, the court views the plaintiff's case as a maritime tort.

The defendant also alleges that the plaintiff has failed to state a claim upon which relief can be granted. Gulf contends that the applicable law is determined by 43 U.S.C. § 1333(a)(2)(A), which provides:

(2)(A) To the extent that they are applicable and not inconsistent with this

subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, now in effect or hereafter adopted, amended, or repealed are declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf, . . . .

According to Gulf, neither federal law nor Louisiana law afford plaintiff a right to relief. Further, Gulf contends that the recent Fifth Circuit decision of *Smith v. Atlas Off-Shore Boat Ser. Inc.*, 653 F.2d 1057 (5th Cir. 1981) has no applicability to our case, since, according to the defendant, the holding of that case is limited to the relationship between a Jones Act employer and a seaman. Finally, Gulf contends that Roberie can have no claim against them, since they are not his employer.

■ The court approaches this rather complex problem in the following manner. First of all, Mr. Roberie, a roustabout on the outer continental shelf, is a maritime worker. He is accorded this status by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b), which bestows longshoremen's status upon him and renders the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.) applicable to him. Note that under the literal terms of the OCSLA there is no requirement that an employer either (1) be injured on the outer continental shelf itself, or (2) be engaged in drilling operations at the time of his injury, for coverage under the LSHWCA.

■ Therefore, the worker injured as a result of drilling operations on the outer continental shelf will be entitled to LSHWCA benefits from his employer. But more important for our purposes is the fact that Mr. Roberie is classified as a maritime worker by the OCSLA.

■ If a roustabout on a fixed platform sustains personal injury while located on such "artificial island" beyond a marine league from the shore, the general maritime law is not applicable to his claim. *Rodrigue v. Aetna Casualty & Surety Company*, 395 U.S. 352, 357, 89 S.Ct. 1835, 1838, 23 L.Ed.2d 360 (1969).[1] However, the alleged actions of Gulf in this case cannot be "localized" in the same manner as a physical injury might be. The decision to terminate Mr. Roberie was made in some Gulf office; the message was then relayed through various intermediaries until it reached Mr. Roberie. We do not classify this tort in accordance with the situs of its occurrence; rather, we look to the nature of the injury inflicted.[2] Retaliatory discharge of a maritime employee should be viewed as a maritime tort, regardless of where the employee receives his proverbial "pink slip."

■ Gulf may be considered the "statutory employer" of the plaintiff in this case, and this would not bar his claim, since, as set forth above, this action is not premised on the LSHWCA, but on the general maritime law as set forth in *Smith, supra*. Although Danos & Curole may have had control of the working conditions and supervision of the work methods when plaintiff incurred his original injury, Gulf obviously had some power to terminate Mr. Roberie, since all parties admit that the orders to get

---

1. The fixed platform worker on the outer continental shelf is, of course, given a cause of action for negligence against the owner of a vessel under 33 U.S.C. 905(b), even if the vessel owner is his employer. *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342 (5th Cir. 1980).

2. Even if the tort were considered to have occurred on the fixed platform, the court could find that the federal common law as discussed by Judge Rubin in the *Smith* case, *supra*, would form the basis for Mr. Roberie's claim. Since the claim is not for compensation benefits, there is no reason why Gulf should enjoy immunity from suit. *See*, for example, 33 U.S.C. 905(b) and the *Longmire* decision, *supra*.

the plaintiff off the platform (for whatever reason) came from Gulf.[3]

The plaintiff must still prove his claim of retaliatory discharge, and the elements of damage for which he has not already received compensation, by a preponderance of the evidence. Today we merely hold that he is entitled to an opportunity to do so. Since we find that this court has subject matter jurisdiction, and that the plaintiff has stated a claim upon which relief can be granted, the defendant's motion to dismiss should be, and hereby is, DENIED.

---

**3.** Since we do not view *Smith* in the same restrictive light as the defendant, we might read that case as authority for recognizing a right of action under the general maritime law for tortious interferences with the contractual relationship between plaintiff and Danos & Curole. However, we do not base our decision today on that ground.